UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIS MALDONADO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 3:07 CV 531 |
| | ) |
| WIREMAN, | ) |
| *Correction Officer*, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Luis Maldonado, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To state a cause of action under 42 U.S.C. § 1983 . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S. Ct. 1955, 1964-65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at 1965, n.3 (quotation marks and citation omitted).

Nevertheless, a document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *See* FED. R. CIV. P. 8(f); *Erickson v. Pardus*, 127 S. Ct. 2197,

2

2200 (2007). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S.Ct. at 1965 (quotation marks and citation omitted).

Maldonado alleges that Wireman is a corrections officer at the Westville Correctional Facility. Maldonado claims that he sustained injuries when Officer Wireman punched him in the face, cut him on the back and fastened handcuffs on him "real tight" after Maldonado pushed away from the officer while being patted down. (DE #1 at 4.)

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (citations, ellipsis, and quotation marks omitted).

Giving Maldonado the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he appears to be alleging more than a mere dispute over the reasonableness of the officer's actions. It is reasonable to infer that Maldonado claims that he was struck maliciously and sadistically for the very purpose of causing

3

harm. Therefore, he has stated an excessive force claim against Officer Wireman in violation of the Eighth Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Officer Wireman in his individual capacity for monetary damages on his Eighth Amendment excessive use of force claim;

(2) **DIRECTS** the clerk to transmit the summons and USM-285's for Officer Wireman to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(3) **DIRECTS** the United States Marshals Service , pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Wireman; and

(4) **ORDERS** , pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Wireman respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1.

                              SO ORDERED.

**ENTER:** December 4, 2007

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT